## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 2:17-cv-00359** |
| VS. | § | |
| | § | |
| G4S SECURE SOLUTIONS, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Edward Smith files this Original Complaint against Defendant G4S Secure Solutions, and shows as follows:

### A.  Parties

1.     The plaintiff is Edward Smith.  He is an individual and resident of Nueces County, Texas.

2.     The defendant is G4S Secure Solutions.   It is a business entity which conducts business in Texas and in Nueces County, Texas.   Service of process may be made on the defendant by and through its registered agent for service, Prentice-Hall Corp. System, 211 E. 7th Street, Suite 620, Austin 78701.

### B.  Jurisdiction

3.     This Court has subject matter jurisdiction of this action pursuant to 29

U.S.C. § 216(b) and 28 U.S.C. § 1331.  This case presents a federal question.

### C.  Venue

4.     Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

### D.  Facts

5.     The defendant is a private security business.  It represents that it secures people, property and assets by understanding and mitigating security risk.  It further represents that it provides products and services, including risk consulting and investigations, systems integration, security software and technology, and security professionals.  The defendant operates all over the United States, employing more than 50,000 individuals, and internationally.  The defendant maintains an office in Corpus Christi, Texas, and employs individuals in Corpus Christi, Texas.

6.     The plaintiff is a disabled veteran, born in 1972.  The United States Department of Veteran Affairs determined that the plaintiff is totally and permanently disabled as a result of his service in the United States Coast Guard.  During his service, the plaintiff was awarded the Coast Guard Unit Commendation with Gold Star, Coast Guard Merit Commendation with Gold Star, Letter of Commendation, Coast Guard "E" ribbon with 2 Gold Stars, National Defense Service Medal, Humanitarian Service Medal, Coast Guard Special Ops Service Ribbon, and Outstanding Service Award.  The plaintiff

was Honorably Discharged and retired from the United States Coast Guard, effective August 23, 2004, because of his disability. His disability is mostly psychological, which affects his general ability to normally function in society. However, with proper treatment and medication, the plaintiff's disability is controlled, which allows him to work on a part-time basis.

7.      The plaintiff accepted employment with the defendant in Corpus Christi, Texas, as a security guard on or about September 15, 2015. From the beginning of his employment, the plaintiff explained to the defendant that he could work only part-time hours during a dayshift because of his disability. Initially, the plaintiff's requested reasonable accommodation was honored by the defendant.

8.      However, after a few months, the plaintiff's required accommodation was not being honored by the defendant. The plaintiff was being required to work nightshifts and excessive hours. This change ultimately required the plaintiff to take a leave of absence from work pursuant to his physician's instructions on or about January 4, 2016. As a result of his undesirable work schedule and working nightshifts, the plaintiff was unable to take his medications as required. This caused the plaintiff to experience seizures and other adverse conditions, which exacerbated his disability.

9.      After treatment and improvement of his condition, the plaintiff returned to work with the defendant on or about February 1, 2016. At this time, the plaintiff renewed his request of a reasonable accommodation from the defendant, which included working

only dayshifts and not being required to work excessive, overtime hours.  This is because working at nights and overtime hours conflicted with the plaintiff's medical condition, disability, and prescription schedule.

10.     More specifically, the plaintiff complained to the defendant that the change of his work schedule and hours was unhealthy for him and a form of disability discrimination.  The plaintiff expressly complained to supervisors, Richard Austin and Daniel Saenz, on more than one occasion in early and mid-2016, but they refused to remedy the discrimination or to offer any accommodation.  The plaintiff expected a remedy from his supervisors and to have his reasonable accommodation of working dayshifts only with no overtime hours, but, instead, the plaintiff's working conditions only worsened following his complaints.  That is, he was given almost no dayshifts and was required work excessive hours, often with little advance notice as to where and how long he was required to report to a particular location where the defendant provided private security.  On the other hand, it appeared to the plaintiff that the most desirable work hours and locations were given only to non-disabled employees.

11.     Wanting to work and be a productive member of society, the plaintiff continued to work for the defendant the best he could, but by August 2016, the plaintiff reasonably believed that his reasonable accommodations were not going to be honored by the defendant.  Therefore, in order to maintain his health, the plaintiff involuntarily resigned from his employment.  The plaintiff alleges that these facts show he was

4

constructively discharged.  That is, rather than outright discharging the plaintiff because of his disability, the defendant simply put the plaintiff in a position where he had no choice but to involuntarily resign on or about August 28, 2016.

12.     The administrative process was exhausted before this suit was filed.

**E.  Causes of Action**

**Count 1—Disability Discrimination**

13.     The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-12, *supra*.

14.     The plaintiff alleges that he is disabled and that it is his actual disability that is a motivating factor in the defendant's employment decisions and/or constructive discharge.  The plaintiff alleges that despite his disability, he is qualified and capable of performing job duties, with a reasonable accommodation by the defendant.

15.     The plaintiff also alleges that the disability discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant and/or is a motivating factor in the defendant's employment decisions.

16.     The defendant's conduct caused damages to the plaintiff.   He therefore seeks to recover his economic and non-economic damages from the defendant by this suit.  Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by, all of his costs and attorney's fees incurred in  this matter.

**Count 2—Retaliation**

17.     The plaintiff incorporates within Count 2 all of the allegations set forth in paragraphs 1-16, *supra*.

18.     The plaintiff engaged in protected activity when he complained to Richard Austin and Daniel Saenz about his need for a reasonable accommodation, and when he complained to the same persons about the change of his work schedule being a form of disability discrimination

19.     In response to the plaintiff's activity, the defendant retaliated against the plaintiff by requiring him to work in conditions that were inconsistent with this disability and in constructively discharging him from his employment.   Retaliation is an unlawful employment practice.

20.     The plaintiff alleges that the retaliation was knowingly done and/or intentionally done and/or recklessly by the defendant.

21.     The defendant's conduct caused damages to the plaintiff.   He therefore seeks to recover his economic damages from the defendant by this suit.   Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law.

22.     As provided by law, the plaintiff also seeks to recover all of his costs and attorney's fees incurred in this matter.

**PRAYER**

23.     For these reasons, Plaintiff Edward Smith respectfully requests that Defendant G4S Secure Solutions be cited to appear and answer herein and that, following final hearing, be awarded all of his lost wages and benefits in the past and future, damages for mental anguish, exemplary damages, and all other elements of damages provided by law, costs, attorney's fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Southern District ID No. 24936
Texas Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
jbrooks@brooksllp.com (e-mail)

**Attorney for Plaintiff Edward Smith**

OF COUNSEL

BROOKS LLP
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
www.brooksllp.com (web)

7